JUSTICE NELSON,
dissenting.
I agree that § 40-4-219, MCA, needs to be amended by the legislature to account for circumstances where a custodial parent moves within Montana or to another country. The examples set out in the majority opinion demonstrate very well the inadequacies and absurdities of § 40-4-219(l)(f), MCA, as presently written. Hopefully, the 1997 Legislature will find time, in what already appears to be a busy session, to address this problem.
However, I also agree with Justice Gray’s dissent. Having properly concluded that Johnson applies and that, therefore, the jurisdictional requirements of § 40-4-219, MCA, must be met, we are not at liberty to simply rewrite the clear and unambiguous provisions of subparagraph (l)(f) by adding language that is not there and by ignoring the language that is there. Interpreting or applying a statute or a case to avoid an absurd result where the language at issue is capable of more than one interpretation or application is one thing; unashamedly rewriting the statute because the application of its clear language produces what we perceive to be an unacceptable result is a dog of a different breed, however. In those cases, if the statute needs to be fixed — and this one does — then, constitutionally, it falls to the legislative branch to accomplish that.
That said, it strikes me that the problem in this case is our preoccupation in trying to affirm the District Court’s elemental *25 conclusion that the children are better off with their mother in spite of Johnson and the requirements of § 40-4-219(l)(f), MCA. I suggest that, perhaps, we are forgetting what prompted our decision in Johnson in the first place.
Our decision in Johnson was grounded in the proposition that:
[A] child’s sense of continuity and stability are equally threatened when that child is uprooted from the only community in which that child has ever resided and relocated in a new household and new school, whether we refer to the change as one of legal custody or merely physical custody.
Johnson, 879 P.2d at 693. Here, Kimberly’s move to Billings was what caused the children to be uprooted from the community in which they lived and what caused them to be relocated to a new household and to a new school. Prior to her move, both parents pretty much had equal custody of and access to the children. It was Kimberly’s move that disrupted the existing custody arrangement that everyone agreed was in the children’s best interests, and it was that move that necessitated a different custody arrangement.
If Johnson is applicable, and we all agree that it is, then it seems to me that simply applying the letter and spirit of our decision produces the correct result. Since Kimberly has failed to meet the jurisdictional requirements of § 40-4-219, MCA, the children should not be required to move to Billings and to a new community, home and school with their mother, but rather they should be allowed to stay in Lewistown in their accustomed home, community and school with their father. In resolving the case in this fashion, the statute is upheld — as it is written; the rule in Johnson is not diluted; and the parent that precipitated this problem is forced to come to grips with the reality that she is going to have to make some hard decisions on where her priorities lie.
Obviously, this is not a perfect resolution for everyone; there rarely is in these sorts of cases. Nonetheless, given the statutory and case law that we are bound to enforce, I believe that it is the legally correct one.
I dissent from our decision on Issue Five and would reverse on that issue and remand for further proceedings on the other issues consistent with our decision on the custody issue.